IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL WATTS, #2012144, | § § § § § § § § § § § | |
| Petitioner, | | |
| v. | | No. 3:23-cv-02318-K (BT) |
| DIRECTOR, TDCJ-CID, | | |
| Respondent. | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Michael Watts, a state prisoner, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 1), a motion for leave to proceed *in forma pauperis* (ECF No. 2), and a motion for leave to file a second or successive § 2254 petition (ECF No. 4). For the following reasons, the Court should transfer Watts' habeas petition to the Fifth Circuit Court of Appeals as successive.

I.

In 2015, Watts pleaded guilty, pursuant to a plea agreement, in three cases to continuous sexual abuse of a child under 14 in Kaufman County, Texas. *See State v. Watts*, Nos. 32386-422, 32387-422, 32388-422 (422nd Jud. Dist. Ct., Kaufman Cnty., Tex.). The court sentenced Watts to 30 years' imprisonment in each case. *Id.*

1

Although Watts's plea agreement included a waiver of his right to appeal, Watts filed a *pro se* notice of appeal in each case. The Dallas Court of Appeals dismissed his appeals for want of jurisdiction, *see Watts v. State*, Nos. 05-15-01334-CR, 05-15-1335-CR, 05-15-01336-CR, 2015 WL 9412838 (Tex. App. – Dallas Dec. 22, 2015, no pet.). Thereafter, Watts filed three state applications for writs of habeas corpus. The Texas Court of Criminal Appeals (CCA) denied the petitions, *see Ex parte Watts*, Nos. WR-85,666-01, -02, -03 (Tex. Crim. App.).

On October 6, 2017, Watts filed his first § 2254 petition in this Court. *See Watts v. Davis*, Case Number 3:17-cv-02840-C-BN. The Court dismissed Watts' request for habeas relief as time-barred, denied a certificate of appealability (COA), and entered judgment on March 2, 2018.

In his current petition, Watts argues: (1) Texas Penal Code § 21.02 is "overbroad, [ ] unconstitutional factually, [a]nd infringes on protected rights," Pet. 5 (ECF No. 1); and (2) the State's decision to charge him with three separate counts of sexual abuse of a child was erroneous because it is inconsistent with Texas Penal Code § 21.02(b)(1).

II.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) limits the circumstances under which a state prisoner may file a second or successive application for habeas relief in federal court. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). To

raise a claim in a second or successive § 2254 petition, a prisoner must show: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2244(b)(2). Before a petitioner files a successive petition in the District Court, a three-judge panel of the Fifth Circuit must determine whether he makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

A petition is deemed successive when it raises a claim that was or could have been raised in an earlier petition, or otherwise is an abuse of writ. *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008). However, a second petition is not successive when the first petition was dismissed due to prematurity or for lack of exhaustion. *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998). This is so because "dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Id.* at 645.

Watts' first petition was dismissed with prejudice on limitations grounds, and this was an adjudication on the merits. *See In re Flowers*, 595 F.3d 204, 205 (5th Cir. 2009) (per curiam); *see also Adams v. Thaler*, 679 F.3d 312, 322 (5th Cir. 2012) (citing *Flowers*, 595 F.3d at 205). Watts' new claims should have and could have been addressed in his first petition. *See*

3

*In Re Cain,* 137 F.3d 234, 235 (5th Cir. 1998). For example, Watts argues that the State improperly charged him in three separate cases with sexual abuse of a child under Texas Penal Code § 21.02(b)(1). But the fact that Watts was convicted of three separate offenses is not new evidence, and Watts fails to demonstrate that this claim was not available to him at the time he filed his first petition in October 2017. *See Hardemon,* 516 F.3d at 275. Indeed, Watts has not demonstrated that either of his claims was not available to him at that time.

In sum, Watts raises claims that could have and should have been addressed in his initial petition. Therefore, the pending petition is successive. The Fifth Circuit has not issued an order authorizing this Court to consider Watts' successive petition. Watts must obtain such an order before he may file another petition for habeas relief under § 2254.

### III.

The Court should TRANSFER Watts' petition for a writ of habeas corpus to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps,* 127 F.3d 364, 365 (5th Cir. 1997).

**SO RECOMMENDED**

Signed November 22, 2023.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996)